MAJNARIC, APPELLEE, *v.* MAJNARIC, APPELLANT.

(No. 7641—Decided April 9, 1975.)

*Mr. Paul K. Christoff*, for appellee.
*Messrs. Parker & Parker*, for appellant.

MAHONEY, J. An absolute decree of divorce was granted to the parties by the court below on April 29, 1974. Defendant was granted technical legal custody of the children, but the plaintiff had actual physical custody under the separation agreement. A notice of appeal was filed May 24, 1974, by the plaintiff, in a separate appeal (C. A. Summit No. 7510). On July 5, 1974, plaintiff filed a motion to vacate the judgment in the trial court. On August 20, 1974, the plaintiff filed a motion in the trial court to change the school of the minor children. That motion was partially heard, but was not decided on August 26, 1974. The plaintiff dismissed her appeal on August 28, 1974. On November 6, 1974, the trial court ruled that the children should be enrolled in public school and not in the Seventh Day Adventist School. Defendant has appealed from that order, and from an order entered October 11, 1974, wherein the court ruled it had jurisdiction to hear the motion to vacate.

For purposes of this decision, the motion to vacate will be treated in conjunction with defendant's first assignment of error, and part A of the second assignment of error. The motion to change schools will be considered separately in conjunction with the balance of assignment of error number two.

### I. Motion to Vacate

The issue raised herein is apparently one of first impression in Ohio under the new rules of civil procedure. It involves questions of jurisdiction and procedure where a motion to vacate a judgment is filed in a trial court while an appeal is pending from the same judgment. Which court should proceed first?

The law in Ohio is clear that a notice of appeal only divests the trial court of jurisdiction over that part of the final order, judgment or decree which is sought to be reviewed. As to the remainder, the court retains all jurisdiction not inconsistent with that of the appellate court to review, affirm, modify or reverse the appealed order or

judgment. *In re Kurthalz,* 141 Ohio St. 432; *Goode v. Wiggins,* 12 Ohio St. 341; *Fawick Airflex Co.* v. *United Electrical Radio & Machine Workers of America,* 90 Ohio App. 24 (*i. e.* contempt, appointment of receiver, injunction). However, a motion to vacate under Civ. R. 60(B), or a motion for new trial under Civ. R. 59, is inconsistent with a notice of appeal of the judgment sought to be vacated or retried.

Defendant seeks to extend the rule stated in *Akron* v. *Guardian, Inc.,* Ninth District Court of Appeals No. 7501, unreported, and *Vavrina* v. *Greczanik* (1974), 40 Ohio App. 2d 129. In both of those cases the trial court heard, or entertained, a motion to vacate and *vacated judgment* while an appeal was pending. The Court of Appeals, in both cases, held that once the notice of appeal was filed, the trial court was precluded from vacating its judgment during the appeal period.

Such a holding is consistent with the general rule in the federal courts as stated in 7 Moore, Federal Practices, Par. 60:30 [2] (2d ed. 1970), (hereinafter cited as Moore).

"But the general rule is that when an appeal is taken from the district court the latter court is divested of jurisdiction, except to take action in aid of the appeal, until the case is remanded to it by the appellate court. Hence, during the pendency of an appeal it is generally held that the district court is without power to grant relief under Rule 59, or to vacate, alter or amend the judgment under Rule 60(B), whether the 60(B) motion is made prior to or after the appeal is taken, except with permission of the appellate court."

However, the general rule is not applicable in this particular case. Although a motion to vacate was filed, the trial court did not rule on it during the appeal period of the first appeal. That fact clearly distinguishes this case from those in which the trial court hears, and sustains a motion to vacate. We do not agree with defendant's contention that the trial court cannot even accept the filing of a motion during the appeal period. The clerk has a duty to accept such papers for filing purposes.

II. Procedure on Motion to Vacate Pending Appeal.

Defendant suggests that the proper procedure is to dismiss the appeal, and then file a motion to vacate in the court below, or to move this court to vacate the judgment and remand the case to the trial court.

(1) The first alternative is unacceptable because the appellant is placed on the horns of a dilemma in which he may be left without a forum. If the appellant dismisses the appeal and thirty days have elapsed from the day of judgment, he loses his appeal as of right on that judgment. If the appellant is rejected by the trial court on his motion to vacate the original judgment, his appeal is limited to that motion, on a subsequent appeal. Thus, the appellant could be precluded from appealing the judgment if this procedure is adopted.

(2) Defendant's second suggested procedure has some support in the federal courts. See, *Baruch v. Beech Aircraft Corp.* (C. A. 10, 1949), 172 F. 2d 445, certiorari denied (1949), 338 U. S. 900; and *Zig Zag Spring Co. v. Comfort Spring Corp.* (C. A. 3, 1953), 200 F. 2d 901. A problem inherent in this procedure is that the Court of Appeals, to some extent, becomes a trier of the facts, and usurps the trial court's function. An additional problem is that the court of appeals is not as familiar with the case as the trial court and, in order to determine the motion to vacate, the appeals court will, of necessity, duplicate what has transpired in the trial court. Both of these reasons militate against adopting the second alternative.

(3) The majority view in the federal courts on the proper procedure is set out in 7 Moore, Federal Practice, Par. 60:30 (2d ed. 1970), at pages 422-424. According to that authority, the motion to vacate should be filed in the trial court, and if the court indicates that it will consider the motion, the appellant should then move the appellate court to remand the case to the trial court.

Professor Moore suggests that:

"If the appellate court remands the case to the trial court for consideration of the 60(b) motion, provision should be made in the remand order to the effect that if the trial

court denies the motion for relief, the appeal may then be reinstituted in the appellate court without any necessity to perfect a new appeal. * * *" *Id.*

This precaution is necessary for the same reasons which made the first alternative discussed above unacceptable. Perhaps the most important thing Professor Moore emphasizes is "* * * that a litigant, who in good faith initiates a timely procedure for relief, should not be penalized for choice of the 'wrong procedure.'" 7 Moore, *supra* at 424.

We, therefore, hold in accordance with the majority view in the federal courts that where a motion to vacate a judgment is pending in the trial court and an appeal is also pending on the same judgment, that the appellant may move the appellate court, for good cause, to remand the matter to the trial court for a hearing on the motion to vacate without divesting the appellate court of jurisdiction to hear the pending appeal if it is not rendered moot by the hearing on the motion to vacate.

III. Motion to Change Schools.

The order changing schools is the subject of the second assignment of error, and is the only appealable order before this court.

Defendant contends that since he is the legal custodian of the children, by virtue of the separation agreement being incorporated into the divorce decree, the court had no authority to restrict his actions regarding the welfare of the children, unless the order of custody was modified.

An examination of this most unusual separation agreement[2] raises serious questions as to who has actual legal custody of the children. The husband, who was technical legal custodian, gave actual physical possession of the children to the wife. Then she was "hired" by the husband to "look after and care for the children." She was to be

---

[2] The writer does not feel that a discussion of the validity of some of the contractual provisions contained in this separation agreement is necessary to a decision in this case. However, the lack of discussion should not be construed as approval or disapproval of the agreement's provisions.

paid $100 per week for such care and the wife was to provide food, clothing, shelter and incidentals for the children. The husband was to provide her with a house and maintain it so long as no one else lived there. The agreement provided the husband could not cancel the wife's "employment contract" without her consent.

The case of *Selby* v. *Selby*, 69 Ohio Law Abs. 257 provides in paragraph three of the syllabus:

"Custody, as it is used in the divorce and alimony statutes, includes within its meaning every element of provision for the physical, moral and mental well-being of the children *and implies that the person having custody has the immediate personal care and control of the children."* (Emphasis added.)

Also, see R. C. 3109.04.

Defendant cites this case as authority that the legal custodian of the children has the right to determine what school they will attend. If the defendant actually had the care, custody and control and provided the children's shelter, food and clothing, then *Selby, supra,* would be applicable. However, such is not the case. (See 36 A. L. R. 3d 1093, at 1098. A non-custodial parent generally has no absolute right in determination of education.) Since plaintiff (wife) had the "immediate care, and control of the children," the trial court properly granted her motion to change schools.

In regard to part C of defendant's second assignment of error, the same conclusions must be reached. Since plaintiff had actual care and control, and sought an order to change schools, there is no conflict between her desires and the court order concerning public versus religious schools, and the issue of freedom of religion.

The defendant, thus, has no standing to raise that constitutional issue, because the constitutional protection is afforded to the person having personal care and control of the children. It is obvious that if an unwilling parent is forced, by court order, to rear a child in a religion which she disbelieves, the child will suffer. The welfare of the children is in the hands of the plaintiff, and, accordingly,

she should be afforded the right to determine which school the children should attend.

IV. Suggested Procedure in Other Cases.

After the first appeal in this case was dismissed, the trial court granted plaintiff's motion to change schools. Assuming arguendo that an appeal was pending, this case would be an excellent example of the need for further procedural exception to the general rule that the trial court is divested of jurisdiction by the filing of a notice of appeal.

We believe that there are many situations which present emergencies, or where the welfare of the children is involved, or where the court has retained continuing jurisdiction as in domestic relations cases, and where an issue could be raised as to whether a proceeding filed in the trial court, subsequent to the notice of appeal, should be heard in the trial court or refiled for hearing in the appellate court. We suggest purely by way of dicta that application be made to the appellate court for partial remand without loss of jurisdiction to either court.

The judgment of the trial court is supported by credible and substantial evidence that such an order is in the best interests of the children, and, accordingly, the judgment of the trial court is affirmed.

*Judgment affirmed.*

VICTOR, P. J., and HARVEY, J., concur.

HARVEY, J., retired, of the Court of Common Pleas of Summit County, was assigned to active duty under authority of Section 6(C), Article IV, Constitution, in the Ninth Appellate District.