## Day v. MacDonald
### *[Cite as 2 AOA 197]*

*Case No. 1827*
*Scioto County, (4th)*
*Decided April 12, 1990*

R.C. 2305.11
R.C. 2305.16
Civ. R. 12(B)
Civ. R. 60(B)

*Mr. Jerome D. Catanzaro, Waverly, Ohio, for Appellants.*

*McCurdy, Johnson, Ruggiero, McKenzie & Bender, Mr. Robert K. McCurdy, Portsmouth, Ohio, for Appellee Jack D. MacDonald, M.D.*

*Bannon, Howland & Dever, Mr. Robert E. Dever, Portsmouth, Ohio, for Appellee U.S. Health Corporation of Southern Ohio, aka Scioto Memorial Hospital Association.*

STEPHENSON, J.

This is an appeal from a judgment entered by the Scioto County Court of Common Pleas granting the Civ. R. 12(B) motions to dismiss filed by Jack D. MacDonald, M.D., and U.S. Health Corporation of Southern Ohio, fka Scioto Memorial Hospital Association, defendants-appellees, and dismissing the medical malpractice complaint of Tammy Day, as

natural guardian and next of friend of Mark Day, Jr. and Mark Day, Sr., plaintiffs-appellants

Appellants assign the following errors:

"ASSIGNMENT OF ERROR #1

THE TRIAL COURT DID NOT NECESSARILY LOSE ITS JURISDICTION OVER THE CIVIL RULE 60(B) MOTION FOR RELIEF FROM JUDGMENT WHEN APPELLANTS FILED THEIR NOTICE OF APPEAL. TO AVOID THE PATENTLY UNJUST RESULT OF THE DISMISSAL OF APPELLANTS' CLAIMS BECAUSE OF THE FRAUD AND MISREPRESENTATION OF ONE OF THE APPELLEES THE TRIAL COURT SHOULD HAVE AGREED TO HEAR THE MOTION FOR RELIEF FROM JUDGMENT WITH THE PERMISSION OF THE APPELLATE COURT. APPELLANT RESPECTFULLY REQUESTS THIS COURT TO REMAND THE CASE TO THE TRIAL COURT FOR FURTHER PROCEEDINGS.

"ASSIGNMENT OF ERROR #2

THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT DISMISSED THE CASE AGAINST MINOR MARK DAY, JR. FOR LACK OF JURISDICTION BECAUSE THE NOTICE OF APPELLANT'S INTENT TO FILE SUIT WAS NOT EFFECTIVELY GIVEN UNTIL ACTUALLY RECEIVED BY APPELLEES WHICH WAS AFTER THE EXPIRATION OF THE STATUTE OF LIMITATIONS REQUIRED BY R.C. 2305.11(B). R.C. 2305.11(B) IS UNCONSTITUTIONAL AS APPLIED TO MINORS.

ASSIGNMENT OF ERROR #3

THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT DISMISSED THE CASE AGAINST APPELLANTS FOR LACK OF JURISDICTION, FINDING THE NOTICE OF APPELLANTS' INTENT TO FILE SUIT WAS NOT GIVEN UNTIL ALLEGEDLY RECEIVED BY APPELLEES WHICH WAS AFTER THE EXPIRATION OF THE STATUTE OF LIMITATIONS REQUIRED BY R.C. 2305.11(B). INSTEAD, NOTICE IS EFFECTIVELY GIVEN WHEN MAILED, AND NOTICE WAS MAILED BEFORE THE EXPIRATION OF THE STATUTE OF LIMITATIONS."[1]

On August 16, 1988, appellants filed a complaint naming appellees as defendants which averred, in pertinent part, as follows. On or about February 22, 1987, Mark Day, Jr. was born, and appellee Jack D. MacDonald, M.D., assumed the responsibility for the care and treatment of Mark Day, Jr. The treatment rendered by appellee Dr. MacDonald was conducted without the informed consent of Mark Day, Jr.'s parents and constituted medical negligence. Additionally, appellee U.S. Health Corporation, fka. Scioto Memorial Hospital, by and through its agent and employees failed to provide proper and adequate care for Mark Day, Jr. As a proximate result of the joint and several negligence of appellees, Mark Day, Jr. suffered pain and disabling injuries. Appellees received notification of the claims by letter sent on February 17, 1988, in conformity with R.C. 2305.11(A). Appellant Tammy Day, as natural guardian and next of friend of Mark Day, Jr., prayed for damages on his behalf, and appellant Mark Day, Jr., prayed for damages with regard to money he expended and to be expended by him in the future as a direct and proximate result of appellees' negligence.

On September 8, 1988, appellee U.S. Health Corporation filed a motion to dismiss appellants' complaint pursuant to Civ. R. 12(B)(1) on the basis that the trial court lacked jurisdiction because notice of appellants' claim was not received until February 23, 1988. Attached to the motion to dismiss was an affidavit of Elizabeth Bell along with a copy of a February 19, 1988 letter from appellants' counsel notifying appellee of their medical malpractice claims, which had been date stamped by the hospital as "received" on February 23, 1988. On September 15, 1988, appellee Dr. MacDonald filed a motion to dismiss appellants' complaint pursuant to Civ. R. 12(B)(1), attaching an affidavit of Barbara MacDonald and Deborah Millhuff which stated that the February 19, 1988 letter from appellant's counsel was received on February 23, 1988 "as will be shown by Certified Mail Receipt No. P 102 774 513, in the possession of plaintiffs' counsel." On October 18, 1988, appellants filed a memorandum contra appellees' motions to dismiss, stating in the context of the argument therein that "[b]oth defendants did not receive the letter until February 23, 1988."

On June 7, 1989, the trial court entered a judgment granting appellees' Civ. R. 12(B)(1) motions to dismiss appellants' complaint for lack of subject matter jurisdiction. The trial court determined that the notice extending the limitations period specified in R.C. 2305.11(A) was effective when received by appellees, and since appellees did not receive such notice until more than one year after appellants' claims arose, the court below was deprived of subject matter jurisdiction over appellants' complaint.

On June 21, 1989, appellants filed a Civ. R. 60(B) motion for relief from judgment, claiming that the court erroneously considered evidence extrinsic to the pleadings and that it erred in dismissing the minor's claim. On September 13, 1989, appellants filed a second Civ. R. 60(B) motion for relief from judgment, attaching thereto a certified mail receipt number P 102 774 513 signed on February 20, 1988, by an agent of appellee Dr. MacDonald. Although the record does not include any entry by the lower court ruling on appellants' two Civ. R. 60(B) motions for relief from judgment, the parties assert an appeal that such court overruled such motions on the basis that it lacked jurisdiction to rule on these motions pending the instant appeal from the court's June 7, 1989 judgment entry dismissing appellants' complaint.

Appellants' first assignment of error asserts that the trial court erred in failing to rule on their Civ. R. 60(B) motions for relief from judgment.

It has been held by some Ohio appellate courts that a trial court does not have jurisdiction or authority to grant relief from the judgment order under Civ. R. 60(B) during the pendency of the appeal. *Vavrina v. Greczanik* (1974), 40 Ohio App. 2d 129. Other Ohio appellate courts have held that while a trial court generally has no jurisdiction to entertain a Civ. R. 6(B) motion for relief from judgment, such jurisdiction can be conferred on the trial court by the court of appeals through an order to remand the matter to the trial court for a hearing on the Civ. R. 60(B) motion. *Majnaric v. Majnaric* (1975), 46 Ohio App. 2d 157.

In the case at bar, appellants urge this court to follow *Majnaric* and its progeny and confer jurisdiction upon the trial court to decide their two Civ. R. 60(B) motions for relief from judgment. Appellee Dr. MacDonald "consents" to a *Majnaric* remand whereas appellee U.S. Health Corporation of Southern Ohio argues that the *Vavrina* holding is applicable herein so as to preclude any trial court jurisdiction over appellants' Civ. R. 60(B) motions for relief from judgment pending this appeal.

However, this court does not follow either *Majnaric* or *Vavrina*. See, e.g. *Proctor v. Royal Petroleum* (Marc 22, 1989), Gallia App. No. 87 CA 28, unreported. Rather, a trial court may entertain a properly filed motion for relief from judgment during the pendency of an appeal. The filing of a notice of appeal does not divest the trial court from ruling on a Civ. R. 60(B) motion for relief from judgment. The basis for such

holding, which is contrary to both *Majnaric* and *Vavrina*, is as follows:

"Since a Civil Rule 60(B) motion is not a substitute for an appeal, issues properly raised on appeal are not grounds for relief from judgment pursuant to Civil Rule 60(B). Likewise, a mere change of mind by the trial court cannot justify Civil Rule 60(B) relief, since, in effect, this would constitute mere reconsideration of the original judgment rather than the granting of relief from that judgment on grounds recognized by Civil Rule 60(B) and not considered in connection with the rendering of the original judgment. A motion for reconsideration of a final judgment in a trial court raises no issue in that court, and the court is without jurisdiction to grant such reconsideration, regardless of whether the motion is denominated one for reconsideration or for relief from judgment.

"Although in some cases issues on appeal could become moot because of the determination of a Civil Rule 60(B) motion, this does not interfere with the jurisdiction of the court of appeals but only obviates any possible prejudice because of intervening events.

Whether granted or denied during the pendency of an appeal, either with or without leave of the court of appeals, or after final judgment on the appeal, the trial court order disposing of a Civil Rule 60(B) motion constitutes a final appealable order creating a separate and distinct appeal to be pursued in the court of appeals. Accordingly, whenever and however granted, a separate and distinct appeal may result from a determination of a Civil Rule 60(B) motion by the trial court. Judicial economy would appear to be served, where possible, by both the original judgment and a granting or denying of a Civil Rule 60 (B) motion for relief from judgment being considered at the same time by the court of appeals. This can be accomplished only if the trial court exercises that jurisdiction during the pendency of the original appeal.

Additionally, a time for filing problem is created if either the *Vavrina* or *Majnaric* procedure is followed. Civil Rule 60(B) expressly provides that a motion must be made within a reasonable time which may not be more than one year after the judgment order or proceeding was entered or taken if the grounds are those specified in Civil Rule 60(B) (1), (2), or (3). If the trial court has no jurisdiction during the pendency of an appeal from a judgment to entertain a Civil Ruel 60(B) motion, the

question arises as to whether the time for filing the Civil Rule 60(B) motion is tolled during the pendency of the appeal from the original judgment. If it is not so tolled, the parties could be required to file a motion during the pendency of the appeal, which the trial court has no jurisdiction to consider at that time, if the *Vavrina* doctrine was correct." Whiteside, Ohio Appellate Practice (1987), T 11.03 (E), p. 52.

Accordingly, the trial court erred in failing to consider the merits of appellants' Civ. R. 60(B) motions for relief from judgments. Appellants' first assignment of error is sustained.

Appellants' second assignment of error assert that the trial court erred in dismissing the minor Mark Day, Jr.'s claim against appellees in that the statute of limitations set forth in R.C. 2305.11(B) is unconstitutional as applied to minors. Although the current amended version of R.C. 2305.11 provides by subsection B the time limitation for bringing a medical malpractice action, Section 3 of H.B. 327 specifies that this amended version of R.C. 2305.11 "shall apply only to civil actions that are commenced on and after the effective date of this act and that are based upon claims for relief that arise on or after that date, and only to conduct that occurs on or after that date." The effective date of the amendment was October 20, 1987 and, in the case at bar, the alleged conduct of appellees which is the subject of appellants' medical malpractice claims occurred prior thereto, on or about February 22, 1987. Accordingly, the amended version of R.C. 2305.11 is inapplicable to the case at bar, and the prior version of R.C. 2305.11 is controlling. This prior version of R.C. 2305.11 provided, in pertinent part, as follows:

"(A) An action for libel, slander, malicious prosecution, false imprisonment, or malpractice, including an action for malpractice against a physician, podiatrist, hospital, or dentist, or upon a statute for a penalty or forfeiture, shall be brought within one year after the cause thereof accrued, provided that an action by an employee for the payment of unpaid minimum wages, unpaid overtime compensation, or liquidated damages by reason of the nonpayment of minimum wages or overtime compensation, shall be brought within two years after the cause thereof accrued.

"If a written notice, prior to the expiration of time contained in this division, is given to any person in a medical claim that an individual is presently considering bringing an action against that person relating to professional services provided to that individual, then an action by that individual against that person may be commenced at any time within one hundred eighty days after that notice is given.

"(B) In no event shall any medical claim against a physician, podiatrist, or a hospital or a dental claim against a dentist be brought more than four years after the act or omission constituting the alleged malpractice occurred. The limitations in this section for filing such a malpractice action against a physician, podiatrist, hospital, or dentist apply to all persons regardless of legal disability and notwithstanding section 2305.16 of the Revised Code, provided that a minor who has not attained his tenth birthday shall have until his fourteenth birthday in which to file an action for malpractice against a physician or hospital.

R.C. 2305.16 provides, in pertinent part, as follows:

"Unless otherwise specially provided in section 2305.04 to 2305.14, inclusive, and sections 1302.98 and 1304.29 of the Revised Code, *if a person entitled to bring any action mentioned in such sections,* unless for penalty or forfeiture, *is,* at the time the cause of action accrues, *within the age of minority,* of unsound mind, or imprisoned, *such person may bring it within the respective times limited by such sections, after such disability is removed.* (emphasis added)

If not for the language of R.C. 2305.11(B), the limitations periods specified in R.C. 2305.11(A) and (B) would not apply to minors pursuant to R.C. 2305.16. However, the Ohio Supreme Court has held that such prior version of R.C. 2305.11(B) is unconstitutional as applied to minors under the due course of law provisions of the Ohio Constitution. *Mominee v. Scherbarth* (1986), 29 Ohio St. 3d 270, syllabus. The effect of the *Mominee* holding, which resulted in the October 30, 1987, amendment of R.C. 2305.11, was as follows:

"The practical effect of our holding will restore the 'disabilities' tolling statute, R.C. 2305.16, for minors with malpractice claims. Minors whose causes of action accrued before their majority have until their nineteenth birthday to commence suit. Minors who have not discovered the alleged malpractice by their eighteenth birthday have one year from the date of discovery of the malpractice or their twenty-second birthday, whichever comes first, to commence an action." *Mominee, supra* at 277.

In the case at bar, there were essentially two claims: (1) the claim of appellant Tammy Day, as natural guardian and next of friend of Mark Day, Jr., for damages as a result of the injuries to the minor child and (2) he claim of Mark Day, Sr., the minor child's father, for medical expenses incurred by him as a result of appellees' allowed medical malpractice. Appellee U.S. Health Corporation of Southern Ohio asserts that since neither of these claims were the claims of the minor, Mark Day, Jr., the *Mominee* holding is inapplicable and the limitations period of R.C. 2305.11(A) barred appellants' claims.

With respect to the claim of appellant Tammy Day, it is apparent that her claim was effectively that of the minor Mark Day, Jr. A minor has no standing to sue before he or she reaches the age of majority and therefore, a minor must sue by a guardian or other like fiduciary or by a next friend. *Mominee, supra* at 275; Civ. R. 17(B). Indeed, although the Ohio Supreme Court decision in *Mominee* failed to clearly indicate that the minors' suits therein were brought by adults on behalf of the minors, the decision of the Sixth District Court of Appeals in such case details such fact. *Mominee v. Scherbart* (March 22, 1982), Lucas App. No. C.A. Nos. L-84-171, L-84-190, and L-84-228, unreported, affirmed (1986), *Mominee, supra*. Further since the child Mark Day, Jr. was born on February 22, 1987, the statute of limitations in R.C. 2305.11(A), supra, was tolled in that, pursuant to R.C. 2305.11(B), the child had not attained his tenth birthday.

Therefore, the lower court herein erred in dismissing appellant Tammy Day's claim for relief, which was brought on behalf of the minor child.

However, the claim of appellant Mark Day, Sr. for medical expenses made by him on behalf of his minor son could properly be barred by the time limitations specified in R.C. 2305.11 since an action by a parent for loss of services or medical expenses caused by injury to his child from the negligent act of another party is a necessary and independent cause of action apart from that cause of action by the injured child for bodily harm, and hence the running of the statute of limitations for the claim is not tolled by R.C. 2305.16. See, e.g. *Osborn v. Savage Arms Corp.* (C.P. 1980), 66 Ohio Misc. 1. Therefore, appellants' second assignment of error is sustained with respect to appellant Tammy Day's claim and overruled with respect to appellant Mark Day, Sr.'s claim.

Appellants' third assignment of error asserts that the trial court erred in dismissing the complaint where notice pursuant to R.C. 2305.11 of appellants' intention to file suit was mailed prior to the expiration of the limitations period but received after the expiration of the limitations period. Under the prior version of R.C. 2305.11(A) and the current version of R.C. 2305.11(B), medical malpractice claimants are afforded an additional one hundred eighty days after notice of intention to file suit is given to potential defendants as long as this written notice is given within one year after the action accrued. Neither of these statutory versions of R.C. 2305.11 specified whether this written notice would be deemed to have been given when mailed by the claimants or when received by potential defendants.

In the case at bar, appellants' cause of action accrued on February 22, 1987, notice of their intention to sue appellees was mailed on February 19, 1987 (within the one year period), and the trial court determined that this written notice was not received by appellees until February 23, 1987 (outside the one year period). The trial court determined that where R.C. 2305.11 was silent on when notice was effective, the date written notice was received by appellees was the effective date. See, e.g. *Lambert v. Sang Woo Ha* (App. 1979), 16 O.O. *Johnson v. St. Lukes's Hospital* (1981), 2 Ohio App. 3d 427. Appellants argue that, pursuant to *Hughes v. Robinson and Memorial Portage Cty. Hospital* (1984), 16 Ohio App. 3d 80 and contrary to *Lambert* and *Johnson*, the date written notice was mailed was the effective date for purposes of R.C. 2305.11 and, thus, the lower court erred in determining that their complaint was not brought within the applicable limitations period.

On June 14, 1989, the Supreme Court of Ohio expressly decided this issue by holding that where a statute such as R.C. 2305.11(B) is silent as to how notice is to be effectuated, written notice will be deemed to have been given when received. *Edens v. Barberton Area Family Practice Ctr.* (1989), 43 Ohio St. 3d 176, syllabus. Therefore, under R.C. 2305.11(B), the one hundred eighty day period commences to run from the date the notice is received and not the date it is mailed. *Id.* Appellants' third assignment of error is thus without merit and is overruled.[2]

Accordingly, for the foregoing reasons, in that we have sustained appellants' first assignment of error as well as that part of

appellants' second assignment of error relating to appellant Tammy Day's claim on behalf of the minor child, the judgment of the court below is affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.[3]

*Judgment affirmed in part*
*and reversed in part*

ABELE, P.J., Concurs In Judgment & Opinion:
HARSHA, J., Concurs In Judgment & Opinion:

---

[1] Appellants' reply brief raises as a fourth assignment of error that the trial court erred in not holding an oral hearing on appellees' Civ. R. 12(B) (1) motion to dismiss for lack of subject matter jurisdiction. In that this assignment of error was not properly raised in appellants' brief so as to afford appellees an opportunity to reply, we need not consider it. See, e.g. App. R. 16. We would note, however that Civ. R. 12 does not necessarily *require* an oral hearing. *Jurko v. Jobs Europe Agency* (1975), 43 Ohio App. 2d 79.

[2] Although the *Edens* decision was rendered several months prior to the filing of the appellate briefs herein, none of the parties cited or distinguished this decision.

[3] The trial court stated in its June 7, 1989 entry granting appellees' Civ. R. 12(B) (1) motions to dismiss appellants' complaint for lack of subject matter jurisdiction that the failure of appellants to comply with the R.C. 2305.11(A) limitations period deprived the court of jurisdiction in the instant case. In that the face of appellants' complaint fails to indicate any non-compliance with R.C. 2305.11, the trial court must have necessarily utilized material outside of such complaint, i.e. appellees' affidavits, in ruling upon appellees' motions to dismiss.

Although it is the general rule that in deciding a Civ. R. 12 (B) (1) motion to dismiss for lack of subject matter jurisdiction a court may consider material pertinent to the inquiry without converting the motion into one for summary judgment, *Southgate Development Corp. v. Columbia Gas Transmission Corp.* (1976), 48 Ohio St. 2d 211, the issue is whether acceptance of a statute of limitations defense goes to the "subject matter jurisdiction" of the court or whether it goes more to the Civ. R. 12(B) (6) ground of failure to state a claim upon which relief may be granted. The statute of limitations of R.C. 2305.11(A) does not affect the power of the court to hear an action but, rather, acts to limit the right of parties to the remedies sought. Furthermore, since subject matter jurisdiction may not be waived, by the statute of limitations defense is normally an affirmative defense which must be raised in order to avoid waiver, Civ. R. 8 and 12(H), the trial court erred in determining that a properly asserted statute of limitations defense divested the court of subject matter jurisdiction. Accordingly, since the assertion of the R.C. 2305.11 statute of limitations defense would

indicate a Civ. R. 12(B) (6) motion for dismissal for failure to state a claim upon which relief may be granted, the trial court erred in considering material outside the averments of appellants' complaint in rendering its entry of dismissal and in failing to notify the parties of conversion of the motion to that requesting summary judgment pursuant to Civ. R. 56. *Petrey v. Simon* (1983), 4 Ohio St. 3d 154.

However, in that appellants herein neither assigned this as error nor argued the foregoing in the context of the instant appeal and further did not raise the issue prior to the entry of judgment below, we need not reverse the judgment on this basis.