BEECHLER, Appellee,

v.

BEECHLER, Appellant.

[Cite as *Beechler v. Beechler* (1994), 95 Ohio App.3d 121.]

Court of Appeals of Ohio,
Fayette County.

No. CA93–12–029.

Decided June 6, 1994.

122

*Tobias H. Elsass,* for appellee.

*Gary D. Kenworthy,* for appellant.

WILLIAM W. YOUNG, Judge.

Defendant-appellant, Richard E. Beechler, appeals the October 15, 1993 judgment of the Fayette County Court of Common Pleas granting reverter and the conveyance of an undivided one-half interest in real estate to plaintiff-appellee, Susan E. Beechler. Appellant sets forth three assignments of error as follows:

Assignment of Error No. 1:

"The trial court lacked jurisdiction to vacate its earlier judgment of dismissal where a timely notice of appeal was filed and an appeal pending prior to the determination of a motion for reconsideration or relief from judgment under Civil Rule 60(B), and where the issue on appeal was the validity of the judgment vacated by the trial court."

Assignment of Error No. 2:

"The trial court erred in failing to determine that the reversionary language as contained in the judgment decree of divorce and deed was invalid as contrary to public policy and the result of the appellant being under duress and subject to undue influence."

Assignment of Error No. 3:

"The trial court erred in refusing to allow appellant to present further testimony regarding the prior oral agreement of the parties part performance of which provided valid and sufficient consideration for the settlement and dismissal of the first complaint and by denying appellant's motion for a new trial on this basis."

The parties were divorced on December 28, 1990. Pursuant to their separation agreement, which was incorporated into the divorce decree, appellee transferred her interest in the marital residence to appellant in exchange for two hundred seventeen shares of KEA Corporation stock. Appellee, however, retained a reversionary interest in the property, which interest was triggered "should one Connie St. John occupy said home overnight * * *." Appellant represented himself while negotiating the separation agreement. He did not seek the assistance of counsel in any of the later, related proceedings before the trial court.

Approximately four months after the divorce, appellant married Connie St. John and she moved into the parties' former marital residence. As a result, appellee brought a suit to enforce her reversionary interest on August 15, 1991. She subsequently dismissed that suit without prejudice on April 20, 1992.

On July 23, 1992, appellee brought a second suit to enforce her reversionary interest in the property. Appellant filed a motion to dismiss this complaint on August 19, 1992. In appellant's motion to dismiss, he generally alleged that the conditions giving rise to the complaint had been satisfied due to an oral agreement between the parties. The trial court granted the motion and ordered the second complaint dismissed on September 8, 1992.

Appellee filed a motion to vacate the dismissal under Civ.R. 60(B) on October 1, 1992. She also filed a notice of appeal with this court on that date. The trial court held an oral hearing on the Civ.R. 60(B) motion on November 6, 1992, and granted appellee's Civ.R. 60(B) motion for relief. Appellee subsequently filed a notice of voluntary dismissal of her appeal in this court on November 13, 1992. This court dismissed the appeal by entry dated November 27, 1992.

A trial was held on September 22, 1993. The trial court ruled in favor of appellee and filed its entry October 15, 1993. The court ordered appellant to convey the undivided one-half interest in the real estate to appellee. The trial court denied appellant's motion for a new trial on December 1, 1993.

■ Under appellant's first assignment of error, he argues that the trial court could not vacate its earlier judgment of dismissal because an appeal on that judgment was pending before this court. We hold that the trial court had jurisdiction to grant appellee's Civ.R. 60(B) motion despite the pending appeal.

Ohio appellate courts take divergent positions on whether a trial court retains jurisdiction to vacate a judgment or order once an appeal has been perfected. In *Vavrina v. Greczanik* (1974), 40 Ohio App.2d 129, 69 O.O.2d 146, 318 N.E.2d 408, the Eighth District Court of Appeals held that a trial court lacks the jurisdiction or authority to grant Civ.R. 60(B) relief while an appeal is pending. In reaching that conclusion, the *Vavrina* court relied on several cases involving appeals on questions of law and fact. See Whiteside, Ohio Appellate Practice (1987) 52, Section T 11.03(E).

■ The reasoning behind the cases cited by the *Vavrina* court are not persuasive with respect to appeals on questions of law alone. *Id.* Where an appeal involves questions of both law and fact, the entire case is transferred to the appellate court for de novo review and the lower court's jurisdiction is terminated. See *State ex rel. Continental Cas. Co. of Chicago v. Birrell* (1955), 164 Ohio St. 390, 392, 58 O.O. 187, 187–188, 131 N.E.2d 388, 389. Where an appeal concerns questions of law alone, the trial court retains all jurisdiction

consistent with the appellate court's power to review, affirm, modify, or reverse the appealed judgment. *In re Kurtzhalz* (1943), 141 Ohio St. 432, 25 O.O. 574, 48 N.E.2d 657, paragraph two of the syllabus.

In *Majnaric v. Majnaric* (1975), 46 Ohio App.2d 157, 161, 75 O.O.2d 250, 252, 347 N.E.2d 552, 555–556, the Ninth District Court of Appeals held that where a motion to vacate a judgment is pending in the trial court and an appeal is also pending on that judgment, an appellant, for good cause, may move the appellate court to remand the matter to the trial court for a hearing on the Civ.R. 60(B) motion. The court concluded that such a procedure does not divest the appellate court of jurisdiction to hear the pending appeal if it is not rendered moot by the lower court's determination on the motion to vacate. *Id.*

A growing number of jurisdictions take the position that, despite the pendency of an appeal, a trial court retains complete jurisdiction to rule on a Civ.R. 60(B) motion to vacate its judgment or order. In *Day v. MacDonald* (1990), 67 Ohio App.3d 240, 586 N.E.2d 1135, and *Stickney v. Ervin* (Dec. 5, 1989), Franklin App. No. 89AP–616, unreported, 1989 WL 146505, the Fourth and Tenth Districts, respectively, explicitly rejected the positions adopted in both *Vavrina* and *Majnaric.*

In both *Day* and *Stickney,* the courts considered cases holding that a motion for relief from judgment is not a substitute for appeal and may not properly raise any issue that should have been the subject of appeal. See *Colley v. Bazell* (1980), 64 Ohio St.2d 243, 248, 18 O.O.3d 442, 445, 416 N.E.2d 605, 608–609; *Dahl v. Kelling* (1986), 34 Ohio App.3d 258, 518 N.E.2d 582. Logically, therefore, every properly raised ground for relief from judgment necessarily involves granting relief for a reason that could not be considered in an appeal of the underlying judgment. Since the issues on appeal are distinct from those which may be raised by a motion for relief under Civ.R. 60(B), the *Day* and *Stickney* courts concluded that the trial court's determination on a motion for relief does not interfere with the jurisdiction of the appellate court to proceed with the appeal.

This reasoning is supported by the United States Supreme Court's decision in *Std. Oil Co. of California v. United States* (1976), 429 U.S. 17, 97 S.Ct. 31, 50 L.Ed.2d 21. In that case, the court considered whether leave of an appellate court was necessary before a trial court could consider a Civ.R. 60(B) motion after determination of an appeal and remand to the trial court. The court concluded that a "District Court may entertain a Rule 60(b) motion without leave by this Court." The Supreme Court's reasoning was apparently based on its conclusion that the district court had jurisdiction to entertain such a motion notwithstanding an appeal. Whiteside, *supra,* at 52, Section T 11.03(E).

In *Day, supra,* 67 Ohio App.3d at 245–246, 586 N.E.2d at 1138–1139, the court also noted that judicial economy is served if both the original judgment and the final judgment on the Civ.R. 60(B) motion are considered at the same time by the court of appeals. This can only occur if the trial court exercises jurisdiction over a subsequently filed Civ.R. 60(B) motion during the pendency of the original appeal. *Id.*

■ Furthermore, the procedures employed by the *Vavrina* and *Majnaric* courts create time-of-filing problems. A Civ.R. 60(B) motion does not stay the time for filing a notice of appeal. See *Colley, supra,* 64 Ohio St.2d 243, 18 O.O.3d 442, 416 N.E.2d 605. However, a Civ.R. 60(B) motion must be made within a reasonable time, and under Civ.R. 60(B)(1), (2), and (3) the motion may not be made more than one year after the judgment or order was entered or taken. This raises the question of whether the time for filing a Civ.R. 60(B) motion is tolled during the pendency of the appeal. If not, the parties may be forced to file their motion for relief during the appeal even though, under the reasoning in *Vavrina,* a trial court has no jurisdiction to consider a Civ.R. 60(B) motion after a notice of appeal has been filed.

In the past, where an appellant filed both a notice of appeal in this court and a motion for relief from the appealed judgment with the trial court, this court followed the procedure laid out in *Majnaric, supra,* 46 Ohio App.2d 157, 75 O.O.2d 250, 347 N.E.2d 552, and remanded the case upon request to the trial court for a ruling on the Civ.R. 60(B) motion. See *State v. Yoder* (Feb. 10, 1992), Madison App. No. CA91–06–018, unreported, 1992 WL 24774; *Willsey v. Super Valu Stores* (Apr. 28, 1985), Warren App. No. CA84–05–027, unreported, 1985 WL 8684. However, as no issue that a party can properly raise on appeal can be properly raised under a Civ.R. 60(B) motion, this court has since concluded that a trial court has jurisdiction to consider a pending Civ.R. 60(B) despite the pendency of an appeal. No specific remand is required.

The individual appellate courts are in the best position to determine appropriate procedures where an appeal is pending on a judgment and a motion for relief from that judgment has also been filed in the trial court. It is this court's experience that the majority of motions for relief from judgment can be decided in time to be consolidated with the appeal on the merits. We are convinced that judicial efficiency is served and time-of-filing problems reduced where the trial court retains the complete authority to rule on a motion to set aside a judgment.

We conclude that the trial court had jurisdiction to consider appellant's App.R. 60(B) motion even though there was an appeal on the merits pending in this court. Appellant's first assignment of error is overruled.

Appellant argues under his second assignment of error that the reversionary clause in question is contrary to public policy and the result of duress and undue influence. This argument is not well taken.

■ Appellant has not come forward with sufficient evidence that the reversionary clause was the result of duress and undue influence. Appellant points out that pending the final divorce and distribution of the parties' marital assets, appellee obtained a restraining order preventing appellant from selling or transferring assets. He claims this injunction interfered with his ability to operate his business. Appellant also claims that appellee's attorney advised him that if he did not sign the settlement agreement, appellee intended to proceed with a pending contempt motion based on his failure to comply with her discovery requests. According to appellant, the restraining order and the threat of continued contempt proceedings left him no alternative but to agree to the reversionary clause.

Appellant, however, cannot avoid his agreements merely by asserting that he assented because of difficult circumstances that are not clearly appellee's fault and do not involve any illegality on her part. See *Blodgett v. Blodgett* (1990), 49 Ohio St.3d 243, 551 N.E.2d 1249, paragraph one of the syllabus. Appellee did not act illegally or improperly. She simply exercised her legal rights in securing a protective order over the marital assets. Appellant also should not complain that appellee was prepared to continue with her motion for contempt against him after he failed to comply with her discovery requests.

■ Appellant also claims that the reversionary clause violates public policy as a restraint on marriage. This is not so. The parties' separation agreement incorporated into the trial court's divorce decree provides in pertinent part:

"Wife shall transfer to Husband by Warranty Deed, her ½ interest in the home and 2.310 acre lot located at 7575 Limes Road, Perry Township, Fayette County, Ohio, subject to all mortgages and liens of record but reserving the specific right to have her ½ interest revert to her (wife) should one Connie St. John occupy said home overnight during any period of time that husband or Connie St. John or their assignees shall own said real estate, for up to a maximum period of up to twenty (20) years from the date of conveyance from Wife to Husband."

Generally, contracts in absolute restraint of marriage are void because they violate public policy. *King v. King* (1900), 63 Ohio St. 363, 59 N.E. 111. However, where the restraint is not absolute, but limited as to person, group or time, it is generally considered valid unless the remaining sphere of permissible marriage is so small that a permitted marriage is not likely to occur. 52 American Jurisprudence 2d (1970) 1023, Marriage, Section 181. A limited restraint on marriage may or may not be void depending on whether or not it is

reasonable; a court should determine reasonableness not on the terms of the condition alone, but on the relation of the parties, and the purpose behind the restraint. *Saslow v. Saslow* (1957), 104 Ohio App. 157, 162, 4 O.O.2d 230, 232–233, 147 N.E.2d 262, 266.

We are convinced that the reversionary clause quoted above does not violate public policy. The reversionary interest was not triggered when appellant married St. John. It would not have prevented appellant from selling the parties' former marital residence and living with St. John in another home. Appellant was free to live in the home with anyone other than St. John. Appellant was free to reject the separation agreement containing this clause despite his claims that he felt he had no other alternative. The clause was not designed to prevent appellant from marrying, but only to prevent Connie St. John from living in the home that the parties shared during their marriage.

Appellant cannot avoid the consequences of his agreement by claiming undue influence and duress, and the clause was not void as against public policy. Therefore, his second assignment of error is overruled.

■ Appellant contends under his final assignment of error that the trial court refused to allow him to present testimony regarding his part performance under a prior oral agreement he claims existed between the parties. We also reject this argument.

Appellant insists that the parties orally agreed that appellee would dismiss her original complaint on the reversionary interest. In exchange for dismissing her complaint, appellant says he transferred his interest in a country club to the Hixson Oil Company, owned by appellee and her brother. Appellant also claims that appellee later demanded a percentage of an insurance claim or $10,000, whichever was greater, before she would dismiss the complaint.

Appellee testified that she voluntarily dropped the suit because appellant told her he was divorcing St. John and that she would no longer be living in the home. She introduced evidence that appellant filed a complaint for divorce against St. John on January 24, 1992. Appellant apparently reconciled with St. John and dismissed the divorce complaint.

Appellant claims the trial court prevented him from presenting a witness, Thomas Hixson, to testify about the alleged oral agreement. The case had been set for trial on September 22, 1993 since July 7, 1993. Appellant requested that Hixson be subpoenaed on September 17, 1993, but the subpoena was returned without service. Appellant did not discover this until trial, and did not bring it to the trial court's attention until after appellee had presented her case.

The trial court refused to grant appellant's oral request for a continuance. We will not fault the trial court for appellant's failure to ensure that the subpoena for

his witness was served. The trial court did not err in refusing to continue the proceedings under these circumstances.

■ Appellant also argues that the court misapplied the "statute of frauds" and denied him an opportunity to introduce evidence of his part performance. Although the trial court concluded in its entry dated October 15, 1993 that since appellant failed to provide any written evidence of an assignment or transfer of appellee's reversionary interest to appellant, judgment in favor of appellee was appropriate, appellant is wrong when he argues that he was prevented from introducing evidence of his part performance under the alleged oral agreement.

During cross-examination of appellee, appellant asked her whether she ever orally agreed to dismiss the original complaint. Appellee objected, but the trial judge overruled the objection, stating that he wanted to know why she dropped the suit. When appellant presented his case, the trial court allowed him to testify extensively regarding the purported agreement, including his performance under the agreement.

There is no question that appellant could have presented his evidence more effectively. In fact, appellant probably could have avoided litigation entirely if he had hired an attorney at the outset of the divorce process. However, every issue regarding part performance appellant raised in his motion for a new trial, and in this appeal, was raised in the original trial. Appellant's final assignment of error is overruled.

The judgment is affirmed.

*Judgment affirmed.*

FRED E. JONES, P.J., concurs.

KOEHLER, Judge, dissenting.

In this cause, I believe the trial court lost jurisdiction upon the filing of the initial appeal.

This court in the past has followed what I believe to be the most judicially efficient procedure. We have followed the procedure adopted in *Majnaric, supra,* and, upon request, issued a limited remand to the trial court to rule upon the pending Civ.R. 60(B). This procedure suspends further appellate proceedings until the lower court rules. If the motion to vacate below is denied, the appeal goes forward.

Under the majority opinion, the appellate process could continue until a Civ.R. 60(B) motion was filed and ruled upon at any time up to the release of the

appellate decision. Unless the appellate court has exclusive control of the process, substantial time and resources could be unnecessarily expended.

I therefore dissent.