DECISION AND JUDGMENT ENTRY
This is an appeal from an Opinion and Judgment Entry of the Lucas County Court of Common Pleas in which the court granted summary judgment to the Toledo Area Regional Transit Authority ("TARTA") and to Suzanne T. Kazmierczak ("bus driver") on claims brought by Sandie Heath relating to injuries she suffered as a passenger on a TARTA bus after she fell while walking to a seat on the bus. We find that even when the evidence is construed in a light most favorable to Heath, no material question of fact remains in dispute and TARTA and the bus driver are entitled to judgment as a matter of law. Therefore, we affirm the judgment of the trial court.
The record shows that Heath boarded a TARTA van, equipped with a lift to make it accessible to handicapped riders, on May 13, 1998. Before she reached a place to sit, she fell, struck her arm on a nearby bus seat, and broke her arm. She subsequently filed a complaint in the Lucas County Court of Common Pleas, seeking damages for her injuries. She later amended the complaint to name not only the bus company, TARTA, but also the bus driver who was driving the van at the time of her fall.
TARTA and the bus driver filed a joint motion for summary judgment on April 30, 2001, arguing that the facts showed no breach of duty of a reasonable standard of care on their behalf. The motion for summary judgment had a certification that service of the motion was made upon Heath's counsel by ordinary mail. The trial court granted the joint motion for summary judgment in an Opinion and Judgment Entry filed on June 6, 2001.
On June 20, 2001, Heath filed a document titled "PLAINTIFF'S MOTION FORRECONSIDERATION OF THIS COURT'S GRANTING SUMMARY JUDGMENT IN FAVOR OFDEFENDANT". In the document, Heath's counsel asserted that his office never received notice of the joint motion for summary judgment. Heath also filed a document titled "PLAINTIFF'S MEMORANDUM IN OPPOSITION TODEFENDANT'S MOTION FOR SUMMARY JUDGMENT" in which she alleged that material questions of fact remained that prohibited summary judgment from being granted.
On July 3, 2001, Heath filed a notice of appeal in this court. The notice states that she is appealing "from the Opinion and Judgment Entry granting defendant's [sic] motion for summary judgment, entered in this action on the 6th day of June, 2001."
On appeal, Heath has presented two assignments of error for consideration. The assignments of error read:
"ASSIGNMENT OF ERROR NO. 1:
 The trial court erred to Appellant's prejudice when it granted Appellee's motion for summary judgment when Appellant did not receive service of Appellee's [sic] motion prior to such motion being ruled upon, and had no notice that Appellee moved the trial court for summary judgment.
"ASSIGNMENT OF ERROR NO. 2:
 The trial court erred to Appellant's prejudice when it granted Appellee's motion for summary judgment when there exists genuine issues of material fact needing determination by the trier of fact."
In support of her first assignment of error, Heath argues that the trial court should have granted her motion for reconsideration of the motion for summary judgment, because her counsel never received service of the motion for summary judgment until after the trial court had granted the summary judgment to TARTA and the bus driver. Heath asks us to consider arguments on appeal that were never ruled upon by the trial court.
A motion for reconsideration in a trial court is a nullity that cannot be considered as a motion to vacate pursuant to Civ.R. 60(B) on appeal if it was not argued and treated as such in the trial court. See Pitts v.Dept. Of Transportation (1981), 67 Ohio St.2d 378, 380 and Sakian v.Taylor (1984), 18 Ohio App.3d 62, 64. In this case, nothing in the record shows that the parties or the trial court treated the motion for reconsideration as a motion to vacate. Indeed, Heath filed this notice of appeal relating only to the order granting summary judgment before the trial court entered any ruling relating to the "motion for reconsideration." At no time after she filed this appeal did Heath ask this court to remand the case to the trial court to permit the trial court to rule on a motion to vacate. See Majnaric v. Majnaric (1975),46 Ohio App.2d 157, 161. Therefore, this court cannot consider any information that was presented in support of the motion for reconsideration Heath filed in the trial court and we find the first assignment of error not well-taken.
In support of her second assignment of error, Heath argues that the trial court should not have granted summary judgment to TARTA and the bus driver because material questions of fact remain in dispute. Specifically, Heath argues that a question remains whether there was an unusual jerk when the bus started to move away from the bus stop before she was seated, causing her to lose her balance and fall, breaking her arm. Heath acknowledges that the trial court applied the correct standard for negligence when it quoted language from the Supreme Court of Ohio that "[t]he mere occurrence of jerking in the operation of the carrier, absent evidence of an unusual suddenness, force, or violence, is not evidence of negligence." Yager v. Marshall (1935), 129 Ohio St. 584,587. However, she asserts that in her deposition testimony she made statements showing that "at the time of her fall, the jerk she experienced was unusual." She therefore argues that she did provide evidence to show that there was unusual suddenness, violence or force to the jerk that she says happened when the TARTA van she was on began to pull away from the bus stop before she was seated.
Civ.R. 56(B) provides, in pertinent part:
 "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor."
The trial court reviewed Heath's deposition testimony and concluded that her testimony showed that "the movement of the bus at take off was something common to that kind of bus." The court said: "Since there was nothing unusual about the movement of the bus in this case, the court finds that reasonable minds could only conclude that the operator of the bus was not negligent in its operation."
Our own review of Heath's deposition testimony has led us to the same conclusion reached by the trial court. While Heath did state that there was a jerk as the TARTA van began to move away from the bus stop, she also testified that she had ridden TARTA vans before and had noticed that "you feel the movements more" as a passenger on a TARTA van than as a passenger on a TARTA bus. She also said that the jerk she felt was similar to the jerking that she had previously experienced as a passenger on a TARTA van. Accordingly, we agree with the conclusion of the trial court that there is no evidence to show that there was any unusual movement of the TARTA van in this case, and there is no material question of fact that remains in dispute. Even when the evidence is construed in a light most favorable to Heath, reasonable minds could only conclude that TARTA and the bus driver are entitled to summary judgment as a matter of law. Heath's second assignment of error is not well-taken.
The judgment of the Lucas County Court of Common Pleas is affirmed. Heath is ordered to pay the court costs of this appeal.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Peter M. Handwork, J., Melvin L. Resnick, J., and Richard W. Knepper,J., CONCUR.