DECISION AND JOURNAL ENTRY
{¶ 1} Defendant-Appellant Bryan D. Harmon has appealed from a decision of the Summit County Court of Common Pleas that denied his motion for a new trial. This Court vacates the decision of the trial court and remands for further proceedings consistent with this opinion.
 I. {¶ 2} On June 4, 2002, Appellant was indicted on one count of felonious assault, in violation of R.C. 2903.11(A)(1); and two counts of endangering children, in violation of R.C. 2919.22(A) and R.C.2919.22(B)(1). Appellant pleaded not guilty and the matter proceeded to a jury trial. The jury returned a verdict of guilty on all counts as charged in the indictment. The trial court sentenced Appellant to six years for felonious assault and one year for child endangering, a violation of R.C. 2919.22(A); the trial court declined to sentence Appellant on the charge of child endangering, a violation of R.C.2919.22(B)(1) because the charge merged with felonious assault as an allied offense.
 {¶ 3} Appellant filed a direct appeal on January 9, 2003; this Court affirmed his conviction on August 6, 2003. See State v. Harmon, 9th Dist. No. 21384, 2003-Ohio-4153. While the direct appeal was pending in this Court, Appellant filed a motion entitled "Defendant Bryan D. Harmon's Motion For a New Trial Pursuant to Criminal Rule 33(A)(6) Consolidated With the the [sic] Appointment of Defense Counsel." The trial court denied Appellant's motion, stating: "Upon due consideration, after review of the case file and salient law, the Court finds no good cause and Defendant's Motion is hereby DENIED."
 {¶ 4} Appellant has timely appealed, asserting one assignment of error.
 II Assignment of Error
"The Court Erred In Summarily Dismissing Appellant's Post Conviction Petition For A New Trial Based On Jury Misconduct."
 {¶ 5} In Appellant's sole assignment of error, he has argued that the trial court erred in failing to consider his motion under the provisions of R.C. 2953.21. Appellant has further argued that his motion, which he believes should be construed as a petition for post-conviction relief, properly raised the issue of jury misconduct based on statements of the jury forewoman.
 {¶ 6} Appellant has argued that the trial court erred by failing to construe his motion for a new trial as a petition for post-conviction relief. He has argued that "[r]egardless of the caption used by [A]ppellant, acting pro se, the motion is a petition for post-conviction relief based on jury misconduct." This Court finds, however, that the trial court properly construed Appellant's motion as a motion for a new trial for several reasons.
 {¶ 7} First, the motion is styled "Motion for a New Trial Pursuant to Criminal Rule 33(A)(6)[,]" and Appellant also failed to discuss or cite to R.C. 2953.21, the statute governing petitions of post-conviction relief. Second, Appellant specifically discussed the requirements a defendant must satisfy in order for a trial court to grant a new trial based on newly discovered evidence. See State v. Hill (Sept. 23, 1998), 9th Dist. No. 97CA006970, at 3. Relying on State v. King (1989),63 Ohio App.3d 183, 191, Appellant explained:
"To warrant the granting of a Motion For [a] New Trial, in a criminal case, based upon the grounds of newly discovered evidence, it must be shown that the evidence (1) discloses a strong probability that it will change the result if a new trial is granted, (2) has been discovered since the trial, (3) is such as could not, in the exercise of due diligence `hard work[,]' have been discovered before the trial, (4) is material to the issues, (5) is not merely cumulative to former evidence, and (6) does not merely impeach or contradict the former evidence."
 {¶ 8} The factors required for a trial court to grant a motion for a new trial and the factors required to grant a petition for post-conviction relief are different. A petition for post-conviction relief requires the defendant to allege that his constitutional rights were violated. See State v. Dawson (July 14, 1999), 9th Dist. No. 19179, at 7, quoting State v. Reynolds (1997), 79 Ohio St.3d 158, syllabus. Here, Appellant failed to allege that his constitutional rights were violated. Rather Appellant only claimed that he discovered new evidence after he was convicted of the crimes for which he was charged. Therefore, we find that the trial court properly construed Appellant's motion as a motion for a new trial, rather than a petition for post-conviction relief.
 {¶ 9} Because Appellant's motion was a motion for a new trial made pursuant to Crim.R. 33(A)(6), this Court concludes that the trial court did not have jurisdiction to hear the matter. The record reveals that Appellant filed his motion for a new trial while his direct appeal was pending in this Court. When a defendant has filed a direct appeal, the trial court retains all jurisdiction not inconsistent with the reviewing court's jurisdiction to reverse, modify, or affirm the judgment.Majnaric v. Majnaric (1975), 46 Ohio App.2d 157, 158-159; State v.Marshall, 9th Dist. No. 02CA008024, 2002-Ohio-5037, at ¶ 8, quotingHoward v. Catholic Social Serv. of Cuyahoga Cty., Inc. (1994),70 Ohio St.3d 141, 146-147. "A motion for a new trial is inconsistent with a notice of appeal of the judgment sought to be retried." State v.Loper, 8th Dist. Nos. 81297, 81400, and 81878, 2003-Ohio-3213, at ¶ 104; see Karson v. Ficke, 9th Dist. No. 01 CA 3252-M, at 2002-Ohio-4528, at ¶ 7, citing Harkai v. Scherba (2000), 136 Ohio App.3d 211, 215. Thus, Appellant's notice of a direct appeal divested the trial court of jurisdiction to consider his motion for a new trial. Karson,2002-Ohio-4528, at ¶ 7. Therefore, we find the trial court erred in deciding Appellant's motion for a new trial on its merits. See Karson, supra at ¶ 7; State v. Jones, 8th Dist. No. 81112, 2003-Ohio-3004, at ¶ 68. Accordingly, the decision of the trial court is vacated. Appellant's assignment of error is without merit.
 III {¶ 10} Appellant's assignment of error is overruled. The judgment of the trial court is vacated and the matter remanded for further proceedings consistent with this opinion.
Judgment vacated, and cause remanded.
BATCHELDER, J. CONCURS. BAIRD, P.J. CONCURS.