DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a summary judgment issued in the Toledo Municipal Court in favor of a landlord in a breach of rental agreement suit.
 {¶ 2} On August 15, 2002, appellants, Charles and Martha Turney, entered into a three-year rental agreement with appellee, Greg Trala, for a single family home on Lisa Lane in Toledo, Ohio. Monthly rent for the dwelling was $2,100. Appellants were required to make no security deposit, but paid a $6,000 "nonrefundable" fee to buy an option to purchase the home for $199,900 during the term of the rental agreement. A portion of the monthly rent was to be credited toward the purchase price.
 {¶ 3} On January 20, 2004, appellee sued appellants, alleging that they had breached the rental agreement by failing to pay the full amount of the rent prior to January 2004, and wholly during January 2004. Appellee sought to recover the full amount due on the rental agreement and punitive damages for appellants` "* * * actual malice, hatred and ill will toward [appellee]."
 {¶ 4} Appellants answered appellee`s complaint, admitting the existence of the rental agreement and that they had stopped paying rent, but denying the remainder of appellee`s allegations. Appellants interposed a counterclaim, seeking return of a $6,000 purchase option fee.
 {¶ 5} On May 24, 2004, appellee moved for partial summary judgment on compensatory damages, seeking $6,300 in lost rent for the first three months of 2004, and an additional $6,108.70 for unpaid utility bills, cleaning and repair beyond normal wear and costs to re-rent the dwelling. Appellee also sought summary judgment in his favor on the security deposit issue. When appellants did not respond, the trial court granted the motion. For reasons not apparent from the record, when the trial court entered its handwritten ruling, it referred the case back to the court`s assignment clerk "for assessment of damages and judgment." No damage assessment hearing was ever held.
 {¶ 6} In November 2005, after the death of appellants` original counsel in this matter, new counsel entered an appearance and interposed motions to dismiss, strike the claim for punitive damages, disqualify counsel, limit the extent of damages, leave to file an amended counterclaim and to set aside the partial summary judgment. The trial court granted appellants` motion to strike the claim for punitives, but overruled the remainder. Shortly thereafter, appellants appealed. Subsequent to the notice of appeal, the trial court issued a nunc pro tunc entry modifying its June 16, 2004 summary judgment expressly to award damages in the amount of $12,408.70.
 {¶ 7} Pursuant to 6th Dist. Loc. App. R. 12(A), we sua sponte transfer this matter to our accelerated docket and, hereby render our decision.
 I. Liability {¶ 8} Appellants` first and third assignments of error are premised on the idea that the trial court set damages without first establishing liability.
 {¶ 9} Liability, in this matter was established in the pleadings. Appellee`s complaint included an incorporated copy of the rental agreement and an allegation that appellants had stopped paying rent as required by the agreement. Although in their answer appellants denied owing appellee money, they admitted the genuineness of the rental agreement and that they had stopped paying rent. Since the contract called for the payment of rent and appellants admitted in a required responsive pleading that they were not paying rent, a breach is established. See Civ. R. 8(B), (D). Liability is established if this breach is without excuse.
 {¶ 10} Appellants were put to their proof on the question of excuse by appellee`s summary judgment motion. Summary judgment may be granted only when it is shown:
 {¶ 11} "* * * (1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor." Harless v. Willis Day Warehousing Co.
(1978), 54 Ohio St.2d 64, 67, Civ. R. 56(C).
 {¶ 12} While a plaintiff may rely on a defendant`s admission in the pleadings, see e.g. Civ. R. 12(C), an excuse from the performance of the terms of a contract must implicate in at least some respect a question of fact. Thus, an adverse party, when presented with a properly supported motion for summary judgment, may not rest on allegations or denials in the pleadings, but must respond with specific facts showing there is a genuine issue. Civ. R. 56(E); Riley v. Montgomery (1984),11 Ohio St.3d 75, 79.
 {¶ 13} In this matter, when moving for summary judgment, appellee expressly addressed the affirmative defenses appellants had pled. When appellants failed to respond on issues on which they bore the burden of proof, appellee was entitled to summary judgment in conformity with the rule.
 {¶ 14} Accordingly, appellants` first and third assignments of error are not well-taken.
 II. Nunc Pro Tunc {¶ 15} In their second assignment of error, appellants complain that the trial court was without jurisdiction to enter a nunc pro tunc entry for damages after a notice of appeal was filed.
 {¶ 16} Appellants are correct. Ordinarily a notice of appeal divests a trial court of jurisdiction of substantive issues before the appeals court. Majnaric v. Majnaric (1975), 46 Ohio App.2d 157, 159. In this matter, however, the rule does not apply. The court had already granted appellee`s summary judgment motion in its entirety, which included damages in the amount of $12,408.70. Thus, the nunc pro tunc entry entered after the appeal was filed was superfluous and affected no substantial right of appellants. Civ. R. 61. Accordingly, appellants` second assignment of error is not well-taken.
 III. Counterclaim {¶ 17} In their fourth assignment of error, appellants assert that the trial court erred in closing the case when the counterclaim was unresolved.
 {¶ 18} The counterclaim at issue was for the refund of the $6,000 "nonrefundable fee" appellants paid for the purchase option. It was not unresolved at the conclusion of the case, but was disposed of in the award of summary judgment. Accordingly, appellants` fourth assignment of error is not well-taken.
 IV. Motions {¶ 19} In their remaining assignment of error, appellants insist the trial court erred in denying their multiple postjudgment motions because the court should have joined a witness, Duane Tillimon, as a party.
 {¶ 20} The sum of appellants` argument on this assignment of error is that, "All said motions as filed set forth viable bases for the grant thereof, which can be ascertained from a reading of same." Beyond this statement, appellants offer no authority or argument in support.
 {¶ 21} App. R. 16(A)(7) requires with respect to each assignment of error, an appellant must state his or her contentions, "* * * and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies." Assignments of error which do not comply with App. R. 16(A) may be disregarded. App. R. 12(A)(2).
 {¶ 22} In our view, appellants` argument here is insufficient to satisfy the rule. Accordingly, appellants` fifth assignment of error is not well-taken.
 {¶ 23} On consideration whereof, the judgment of the Toledo Municipal Court is affirmed. Appellants are ordered to pay the costs of this appeal pursuant to App. R. 24. Judgment for the clerk`s expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4.