In these consolidated appeals, defendant-appellant, Robert L. Brown, appeals the judgments of the Lyndhurst Municipal Court finding him guilty after a bench trial of violating Section 331.08, Driving in Marked Lanes or Continuous Lines of Traffic, of the Codified Ordinances of the City of Richmond Heights and subsequently, denying his motion for a new trial. For the reasons that follow, we dismiss Case No. 77040, stay proceedings in Case No. 76523 and remand for a consideration of the merits of appellant's motion for a new trial.
On September 3, 1998, at approximately 8:28 a.m., appellant was involved in an automobile accident at the intersection of Richmond Road and White Road in the City of Richmond Heights. As a result of the accident, the City of Richmond Heights charged appellant with violation of Section 331.08 of the Codified Ordinances of the City of Richmond Heights.
Trial commenced on April 27, 1999. Harold L. Turner, the driver of the other car involved in the accident, testified that on September 3, 1998, he was in the curb lane heading southbound on Richmond Road. According to Turner, at the intersection of Richmond Road and White Road, appellant's car, which was traveling southbound next to Turner in the left turn lane, headed straight on Richmond Road, rather than turning. Consequently, Turner testified, the side of his car touched the side of my car.
On cross-examination, Turner admitted that he had had a another accident at the same location in April 1998. Turner testified that the same thing happened in that accident as in the accident involving appellant: The lady was in the left-hand lane, came straight through. * * *[T]here's a lot of accidents in there because people try to go ahead of people and not get in that lane. I'm on my way to work; I go past it every day. Turner denied that appellant was traveling ahead of him prior to the accident and that he had caused the accident with appellant by trying to pass him.
Patrolman Robert Glaettli testified that he has been a patrolman with the City of Richmond Heights Police Department for eleven years and has had accident investigation training at the Ohio State Highway Patrol Academy. Glaettli testified that he investigated the accident between appellant and Turner on September 3, 1998. According to Glaettli, appellant initially told him that the accident happened prior to the intersection of Richmond Road and White Road, but after learning from Glaettli that Turner had informed him that the accident happened in the intersection, appellant agreed that the accident occurred in the intersection.
Glaettli testified that immediately south on Richmond Road past Chardon View Road, Richmond Road is wide enough for two cars to travel southbound. As the road approaches the intersection with White Road, however, it becomes only one southbound lane. The other southbound lane becomes a left turn only lane for cars turning left onto White Road. As Richmond Road continues past the intersection with White Road, it becomes a two-lane road with a single lane in each direction.
Glaettli testified that based on his investigation of the accident:
 * * * Mr. Turner was going straight in the curb lane as he said he was and Mr. Brown was in the turn lane, or partially in the turn lane and when he realized that he was in the wrong lane, he attempted to move over into the correct lane and sideswiped Mr. Turner's vehicle.
Glaettli testified that the damage he observed to appellant's and Turner's vehicles was consistent with this explanation of the accident. He authenticated the City's Exhibits 1, 2 and 3 as pictures of appellant's and Turner's vehicles that he took at the scene of the accident and Exhibit 4 as a drawing of the accident that he made at the scene.
Appellant testified that Turner's and Glaettli's descriptions of the accident were not accurate. According to appellant, he was traveling southbound on Richmond Road prior to the intersection with White Road. Appellant was traveling in the center lane and Turner's car, which was several cars behind his, was traveling in the curb lane. Upon observing a sign instructing through-traffic to bear to the right, appellant moved into the right-hand lane. Just prior to the intersection, Turner came up on the inside and purposely tried to hit appellant. Appellant saw Turner and moved away from him. According to appellant, a bit further down the road, Turner again tried to hit him. This time, appellant testified, Turner was successful. Appellant disputed that he caused the damage to Turner's car depicted in photographs taken by Patrolman Glaettli at the scene of the accident.
At the conclusion of the trial, the trial court found appellant guilty of violating Section 331.08 of the Codified Ordinances of the City of Richmond Heights and fined appellant $75 plus court costs.
On May 26, 1999, appellant filed a notice of appeal of the trial court's judgment. The case was assigned No. 76523. On August 24, 1999, appellant filed a motion for a new trial on the basis of newly discovered evidence in the trial court. On the same day, appellant filed in this court a motion to stay proceedings and remand to the trial court for a ruling on appellant's motion for a new trial. Appellant's motion for a new trial informed the trial court that a motion to stay and remand to the trial court had been filed in this court.
Attached to appellant's motion for a new trial was an affidavit from defense counsel, averring that after the trial, counsel learned that Turner had also been involved in an automobile accident in Cleveland, Ohio on February 20, 1998. Appellant argued that this new information was not discoverable prior to trial and indicated that Turner had perjured himself at trial when he testified that he had been involved in only one automobile accident prior to his accident with appellant. Appellant argued further that this new evidence created a strong probability of a different result at trial.
On August 26, 1999, before this court had ruled on appellant's motion for stay and remand, the trial court denied appellant's motion for a new trial, apparently on the basis that it had no jurisdiction to rule on the motion.[1] Consequently, on September 21, 1999, this court denied appellant's motion for stay and remand, finding that the motion for new trial was denied August 24, 1999. On September 23, 1999, appellant appealed the trial court's ruling denying his motion for a new trial. The case was assigned No. 77040.
Pursuant to appellant's motion to consolidate, the cases were consolidated for briefing and argument. Appellant raises three assignments of error on appeal:
 I. THE VERDICT OF THE TRIAL COURT IS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE AND MUST BE REVERSED.
 A. THE PROSECUTION FAILED TO PRESENT EVIDENCE THAT THE ROAD WAS A MARKED LANE HIGHWAY.
 II. THE TRIAL COURT ABUSED ITS DISCRETION IN SUMMARILY DENYING APPELLANT'S MOTION FOR NEW TRIAL WITHOUT CONDUCTING AN EVIDENTIARY HEARING.
 A. TRIAL COURT MUST CONDUCT AN EVIDENTIARY HEARING.
 III. THE JUDGMENT DENYING APPELLANT'S MOTION FOR NEW TRIAL ON NEWLY DISCOVERED EVIDENCE IS A LEGAL NULLITY.
We consider appellant's third assignment of error first because it is dispositive. In his third assignment of error, appellant contends that the trial court judgment denying his motion for a new trial is a legal nullity because the trial court summarily denied his motion for lack of jurisdiction before this court had ruled upon his motion for stay and to remand. Appellant argues that the trial court judgment denying his motion for a new trial should therefore be reversed and the case remanded to the trial court for proper consideration of his motion. We agree.
When a case has been appealed, the trial court retains all jurisdiction not inconsistent with the reviewing court's jurisdiction to reverse, modify or affirm the judgment. Howard v. Catholic Social Serv. of Cuyahoga Cty., Inc. (1994), 70 Ohio St.3d 141,146, citing Yee v. Erie Cty. Sheriff's Dept. (1990), 51 Ohio St.3d 43,44; In re Kurthalz (1943), 141 Ohio St. 432, paragraph two of the syllabus. A motion for a new trial is inconsistent with a notice of appeal of the judgment sought to be retried. State v. Smith (Nov. 6, 1997), Cuyahoga App. Nos. 69799, 70451 and 71643, unreported, citing Majnaric v. Majnaric (1975), 46 Ohio App.2d 157, paragraph one of the syllabus. The notice of appeal divests the trial court of jurisdiction to consider a motion for a new trial. Jurisdiction may be conferred on the trial court, however, through an order by the reviewing court remanding the matter for consideration of the new trial motion. Howard, supra at 147, citing State ex rel. East Mfg. Corp. v. Ohio Div. Rights Comm. (1992), 63 Ohio St.3d 179, 181; Majnaric, supra, paragraph two of the syllabus.
Here, on August 24, 1999, the same day that he filed his motion for a new trial with the trial court, appellant properly filed in this court a motion to stay proceedings and remand to the trial court for a ruling on his motion for a new trial. Hence, the trial court's ruling on August 26, 1999 denying appellant's motion for lack of jurisdiction before this court ruled on appellant's motion for remand was premature and in error.
App.R. 4 provides the time frame for filing a notice of appeal:
 A party shall file the notice of appeal required by App.R. 3 within thirty days of the later of entry of the judgment or order appealed * * *.
Crim.R. 33(B), provides the time frame in which a motion for a new trial must be made:
 Motions for a new trial on account of newly discovered evidence shall be filed within one hundred twenty days after the day upon which the verdict was rendered, or the decision of the court where trial by jury has been waived.
Thus, to protect his appellate rights, appellant was required to file his notice of appeal no later than thirty days after judgment. Similarly, to file a timely motion for a new trial, appellant was required to file his motion with the trial court within one-hundred-twenty days after judgment was rendered; or, in other words, while his appeal was pending. When appellant timely filed his motion for a new trial, he also properly filed with this court a motion for stay and to remand to the trial court for consideration of his motion. Appellant, in good faith, initiated a timely procedure for relief and should not be penalized for the trial court's premature ruling on his motion. See Majnaric, supra at 161.
Accordingly, this court's order dated September 21, 1999 denying appellant's motion to stay proceedings and to remand to the trial court is hereby vacated and appellant's motion is granted. Proceedings in Case No. 76523 are stayed and the case is remanded to the trial court for a consideration of the merits of appellant's motion for a new trial.[2] Case No. 77040, appellant's appeal of the trial court's judgment denying his motion for a new trial, is therefore dismissed as moot.
Case No. 765234 is stayed and remanded for further proceedings consistent with the opinion herein. Case No. 77040 is dismissed.
It is, therefore, ordered that appellee and appellant equally share the costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ROCCO, J. and BLACKMON, J., CONCUR.
 ______________________________________ TIMOTHY E. McMONAGLE, PRESIDING JUDGE
[1] The trial court's order denying appellant's motion for a new trial states, Coming on motion for new trial, the judge denies this motion. Case currently in Court of Appeals.
[2] We express no opinion regarding appellant's contention that the trial court is required to hold a hearing on appellant's motion.