OPINION
Defendant-appellant Larry O'Brien appeals the June 29, 2000 Judgment Entry of the Stark County Court of Common Pleas imposing sentence on one count of rape and one count of gross sexual imposition, and the August 17, 2000 Judgment Entry denying his motion for a new trial. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE
On July 26, 1999, the Stark County Grand Jury indicted appellant with one count of rape, in violation of R.C. 2907.02, and one count of gross sexual imposition, in violation of R.C. 2907.05. Appellant plead not guilty to the charges and the matter proceeded to a jury trial in the Stark County Court of Common Pleas.
This case involves appellant's sexual abuse of nine year old Chazare Mitchell. Appellant's wife, Rosenne O'Brien, babysat Chazare, along with several other children. Mrs. O'Brien took care of Chazare for approximately two years.
Chazare alleged appellant began to molest her in the summer of 1997, just after she had finished the second grade. At trial, Chazare testified she was alone with appellant in his living room when he unzipped her pajamas and "touched me in my private part * * *" with his "hand." T. at 108-109. Chazare testified appellant stopped only when he could hear one of the other children coming back into the room.
Chazare testified appellant touched her in a different way on two other occasions. On each such occasion, appellant "put his finger inside me." T. at 110. On another occasion, Chazare testified appellant had pulled down his pants, took Chazare's hand and made her touch his penis. At that time, Chazare took her hand away and ran to the basement.
Chazare did not immediately tell her mother about the incidents, but she refused to return to appellant's home. She told her mother she did not want to return and cried when mother attempted to drop her off at appellant's residence.
In January, 1999, Chazare saw a television movie involving child sexual abuse. After watching the movie, Chazare told her mother about the incidents with appellant. Chazare's mother immediately called the police and took Chazare to the Aultman Hospital Emergency Room for an examination.
Donna Abbott, a pediatric nurse at Akron Children's Hospital Medical Center, testified for the prosecution. Ms. Abbott opined a ten year old girl who had been digitally penetrated a month before a physical exam would likely have a normal exam. She explained the tissue in a girl's genitalia would most likely be normal. Only a complete tear of the hymen, caused by a significant amount of force, would be evident during such an exam.
After appellant had presented his first witness, the trial court recessed for the day. The next day, before the presentation of appellant's second witness, appellant asked the trial court to order the custodian of records for Aultman Hospital to turn over the victim's medical records. The trial court ordered the release of the records and the State stipulated to the accuracy of the records. T. at 305-306.
Appellant then called Dr. Martin Skipper, the emergency room physician who conducted the physical examination. Dr. Skipper testified he found no conclusive proof of abuse because he found no evidence of trauma to Chazare's genitalia. After conducting an examination of appellant's fingers, Dr. Skipper opined if appellant had inserted his fingers into Chazare's vagina, they could have perforated her hymen. On cross-examination, Dr. Skipper conceded a hymen becomes more elastic as a girl gets older. Further, an injury to a hymen, unless a complete tear, can heal within a few days. Because scars to the hymen are extremely difficult to see, he conceded it would be difficult to tell if a victim's hymen had been perforated.
After hearing all the evidence, the jury found appellant guilty of the charges contained in the indictment. In a June 29, 2000 Judgment Entry, the trial court sentenced appellant to six years incarceration for the rape count, and four years incarceration for gross sexual imposition. The trial court ordered appellant to serve these sentences concurrently.
On June 30, 2000, appellant filed his Notice of Appeal from the trial court's June 29, 2000 Judgment Entry. This appeal was assigned appellate Case No. 2000CA00200. On July 5, 2000, appellant filed a motion for a new trial on the basis of newly discovered evidence. On August 16, 2000, the trial court conducted a hearing on the motion. In an August 17, 2000 Judgment Entry, the trial court denied appellant's motion for a new trial.On January 16, 2001, appellant filed a Notice of Appeal from the August 16, 2000 Judgment Entry denying his motion for a new trial. This appeal was assigned appellate Case No. 2001CA00013. On the same date, appellant filed a motion for a delayed appeal. In a January 29, 2001 Judgment Entry, this Court granted appellant leave to file the delayed appeal. In a February 9, 2001 Judgment Entry, this court consolidated appellate Case Nos. 2000CA00200 with 2001CA00013.
Thereafter, appellant filed one brief in the consolidated cases. The issues raised on appeal involve discrepancies between the medical records the State produced during discovery, and the medical records produced pursuant to a subpoena at trial.
Appellant now appeals the June 29, 2000 Sentencing Entry, and the August 17, 2000 Judgment Entry, denying his motion for a new trial, assigning the following errors:
 I. THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING APPELLANT'S MOTION FOR A NEW TRIAL.
 II. THE APPELLANT WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL WHEN HIS TRIAL COUNSEL FAILED TO REQUEST A RECESS OR A CONTINUANCE ONCE HE RECEIVED ADDITIONAL REPORTS ON THE VICTIM DURING THE TRIAL.
 III. THERE WAS INSUFFICIENT EVIDENCE TO FIND THE APPELLANT GUILTY OF RAPE AND GROSS SEXUAL IMPOSITION AND THE CONVICTIONS WERE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 IV. THE PROSECUTING ATTORNEY COMMITTED PROSECUTORIAL MISCONDUCT WHEN HE FAILED TO TURN OVER ALL OF THE VICTIM'S MEDICAL RECORDS TO APPELLANT'S TRIAL COUNSEL BEFORE TRIAL STARTED.
 I
In his first assignment of error, appellant maintains the trial court abused its discretion in denying his motion for a new trial.
When a case has been appealed, the trial court retains all jurisdiction not inconsistent with the reviewing court's jurisdiction to reverse, modify or affirm the judgment. Howard v. Catholic Social Serv. ofCuyahoga Cty., Inc. (1994), 70 Ohio St.3d 141, 146, citing Yee v. ErieCty. Sheriff's Dept. (1990), 51 Ohio St.3d 43, 44. A motion for a new trial is inconsistent with a notice of appeal of the judgment sought to be retried. State v. Smith (Nov. 6, 1997), Cuyahoga App. Nos. 69799, 70451 and 71643, unreported, citing Majnaric v. Majnaric (1975),46 Ohio App.2d 157, paragraph one of the syllabus; See also, Daloia v.Franciscan Health System of Central Ohio (1997), 79 Ohio St.3d 98.[1]
The notice of appeal divests the trial court of jurisdiction to consider a motion for a new trial. City of Richmond Heights v. Brown (June 29, 2000), Cuyahoga App. Nos. 76523, 77040, unreported.
Jurisdiction may be conferred on the trial court, however, through an order by the reviewing court remanding the matter for consideration of the new trial motion. Howard, supra at 147, citing State ex rel. EastMfg. Corp. v. Ohio Div. Rights Comm. (1992), 63 Ohio St.3d 179, 181;Majnaric, supra, paragraph two of the syllabus.
As stated in the Statement of the Facts and Case, supra, appellant filed a notice of appeal to this Court before filing his motion for a new trial. Accordingly, the trial court was without jurisdiction to rule upon the motion for a new trial absent a remand from this Court.[2]
Accordingly, the August 17, 2000 Judgment Entry is vacated.
Appellant's first assignment of error is overruled as being premature.
 II
In appellant's second assignment of error he maintains he was denied effective assistance of counsel because trial counsel failed to request a recess or continuance once he noticed the medical records produced at trial contained documents not included in the medical records produced in discovery. We disagree.
The standard of review of an ineffective assistance of counsel claim is well-established. Pursuant to Strickland v. Washington (1984),466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 673, in order to prevail on such a claim, the appellant must demonstrate both (1) deficient performance, and (2) resulting prejudice, i.e., errors on the part of counsel of a nature so serious that there exists a reasonable probability that, in the absence of those errors, the result of the trial court would have been different. State v. Bradley (1989), 42 Ohio St.3d 136,538 N.E.2d 373; State v. Combs, supra.
In determining whether counsel's representation fell below an objective standard of reasonableness, judicial scrutiny of counsel's performance must be highly deferential. Bradley, 42 Ohio St.3d at 142. Because of the difficulties inherent in determining whether effective assistance of counsel was rendered in any given case, a strong presumption exists that counsel's conduct fell within the wide range of reasonable, professional assistance. Id.
In order to warrant a reversal, the appellant must additionally show he was prejudiced by counsel's ineffectiveness. This requires a showing that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. Bradley,supra at syllabus paragraph three. A reasonable probability is a probability sufficient to undermine confidence in the outcome. Id.
The United States Supreme Court and the Ohio Supreme Court have held a reviewing court "need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." Bradley, supra at 143, quotingStrickland supra. at 697. We direct our attention to the prejudice prong of the two-part analysis as we find it dispositive of this assignment of error.Appellant contends his trial counsel should have used the triage nurse's notes, which were not produced in discovery but were obtained through a subpoena during the trial, to impeach Chazare. These notes indicated Chazare's mother told the triage nurse appellant had put "his fingers in there, down there." Appellant maintains trial counsel could have impeached Chazare with the inconsistency between her report to her mother appellant used his "fingers," as opposed to Chazare's statements during trial appellant had used his "finger." Appellant asserts this inconsistency would have demonstrated to the jury Chazare had fabricated the incidents of sexual abuse. Appellant further maintains this inconsistency could have bolstered the testimony of Dr. Skipper that had appellant used more than one finger in these incidents, trauma would have more likely been found upon a physical exam.
We find no reasonable probability the outcome of the trial would have been different had trial counsel so used the triage nurse's notes. This is particularly so because the statement at issue was not the statement of the victim. Rather, the statement was taken from a medical record recorded by a triage nurse and taken not from the victim, but from the victim's mother. Appellant's argument a doctor would have testified insertion of two or more fingers would more likely have produced identifiable trauma in a physical examination is inherently speculative and not supported in this record. Furthermore, even if insertion of two or more fingers would more likely have produced a tear of the hymen, Dr. Skipper testified a complete tear can heal within a few days.
We also find the statement contained in the nurse's notes is ambiguous. Chazare testified there were two incidents where appellant put his finger inside her. Therefore, it is possible the statement the nurse recorded, appellant had "put his fingers in her down there," could have referenced two separate occasions where appellant used one finger and therefore is not necessarily inconsistent with Chazare's trial testimony.
Appellant's second assignment of error is overruled.
 III
In his third assignment of error, appellant maintains there was insufficient evidence to find him guilty of rape and gross sexual imposition, and the convictions were against the manifest weight of the evidence. We disagree.
In State v. Jenks (1981), 61 Ohio St.3d 259, the Ohio Supreme Court set forth the standard of review when a claim of insufficiency of the evidence is made. The Ohio Supreme Court held:
 An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.
Jenks, supra, at paragraph two of the syllabus.
When applying the aforementioned standard of review to the case subjudice, based upon the facts noted supra, we do not find, as a matter of law, appellant's conviction was based upon insufficient evidence.
On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine "whether in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed. The discretionary power to grant a new hearing should be exercised only in the exceptional case in which the evidence weighs heavily against the judgment. State v. Thompkins (1997), 78 Ohio St.3d 380,387 citing State v. Martin (1983), 20 Ohio App.3d 172, 175. Because the trier of fact is in a better position to observe the witnesses' demeanor and weigh their credibility, the weight of the evidence and the credibility of the witnesses are primarily for the trier of fact. Statev. DeHass (1967), 10 Ohio St.2d 230, syllabus 1.
Appellant was indicted with one count of rape in violation of R.C.2907.02. The statute provides, in relevant part:
 A)(1) No person shall engage in sexual conduct with another who is not the spouse of the offender * * * when any of the following applies:
* * *
 (b) The other person is less than thirteen years of age, whether or not the offender knows the age of the other person.
Sexual conduct is defined in R.C. 2907.01 as:
 (A) "Sexual conduct" means * * * without privilege to do so, the insertion, however slight, of any part of the body * * * into the vaginal * * * cavity of another. * * *
Gross Sexual imposition is governed by R.C. 2907.05, and provides, in relevant part:
 (A) No person shall have sexual contact with another, not the spouse of the offender; * * * or cause two or more other persons to have sexual contact when any of the following applies:
 (4) The other person, * * * is less than thirteen years of age, whether or not the offender knows the age of that person.
Sexual Contact is defined in R.C. 2907.01 as:
 (B) "Sexual contact" means any touching of an erogenous zone of another, including without limitation the thigh, genitals, buttock, pubic region, or, if the person is a female, a breast, for the purpose of sexually arousing or gratifying either person.
Chazare testified appellant touched her genitals on several occasions with his hand, and in two incidents, by inserting a finger into her vagina. In addition, she testified appellant forced her to touch his genitals. At trial, Chazare also testified this abuse occurred when she was nine years old. Accordingly, we find the jury was provided with sufficient evidence, if believed, to determine appellant was guilty of rape and gross sexual imposition.
Appellant also maintains the verdict was against the manifest weight of the evidence because the prosecution was unable to demonstrate a physical injury to Chazare, and because his wife had testified he could never have been alone with appellant. As noted above, neither rape nor gross sexual imposition requires a physical injury to the victim. Further, the jury was free to weigh the testimony of appellant's wife against the testimony of the victim. Because we find there was competent, credible evidence going to each element of rape and gross sexual imposition, we find the jury's verdict was not against the manifest weight of the evidence.
Appellant's third assignment of error is overruled.
 IV
In his fourth assignment of error, appellant maintains the prosecuting attorney committed prosecutorial misconduct in failing to turn over all of the victim's medical records to appellant's trial counsel before the trial began. We disagree.
The test for prosecutorial misconduct is whether the prosecutor's conduct at trial was improper and prejudicially affected the substantial rights of the defendant. State v. Lott (1990), 51 Ohio St.3d 160, cert.denied 112 L.Ed.2d 596; State v. Smith (1984), 14 Ohio St.3d 13.
When an appellant bases a prosecutorial misconduct claim on the failure to disclose evidence, a reviewing court must determine whether the non-disclosure was material to the finding of guilt based upon the totality of the record, and whether there was a reasonable likelihood the undisclosed material would have affected the guilty verdict. State v.Kitzler (Feb. 1, 1996), Cuyahoga App. No. 69076, unreported, citing Statev. Johnston (1988), 39 Ohio St.3d 48.
For the reasons set forth in our discussion of appellant's third assignment of error, we find no prejudice when applying the test announced in Johnston, supra. While we acknowledge appellant was unable to use the statement contained in the emergency department nursing assessment form, and was unable to point out a potential inconsistency, we cannot find a reasonable likelihood any proposed impeachment of Chazare's testimony with this undisclosed material would have affected the guilty verdicts.Appellant's fourth assignment of error is overruled.
The June 29, 2000 Judgment Entry of the Stark County Court of Common Pleas is affirmed.
[1] Although the case does not directly address the issue, footnote 5 states:
 * * * The issue of whether the trial court had jurisdiction to rule on appellant's motion for a new trial is not a relevant factor in our decision today. However, we point out that when an appeal is pending before a court of appeals, the trial court is divested of jurisdiction except to take action in aid of the appeal. In other words, "the trial court retains all jurisdiction not inconsistent with the reviewing court's jurisdiction to reverse, modify, or affirm the judgment." Moreover, we have specifically held that, with respect to a Civ.R. 60(B) motion for relief from judgment, an appeal divests the trial court of jurisdiction to consider the motion, and that "[j]urisdiction may be conferred on the trial court only through an order by the reviewing court remanding the matter for consideration of the Civ.R. 60(B) motion."
Id. at 101, FN5 (citations omitted).
[2] Notwithstanding our finding the trial court lacked jurisdiction to consider appellant's motion for a new trial, because the medical records at issue were produced during the course of the trial, such records cannot, by definition, be newly discovered evidence. Further, because the records served only as a potential ground for impeachment of Chazare's testimony, appellant's motion for a new trial would have been properly denied pursuant to State v. Petro (1947), 148 Ohio St. 505, syllabus.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the June 29, 2000 Judgment Entry, which is the subject of appellate Case No. 2000CA00200 is affirmed. The August 17, 2000 Judgment Entry, which is the subject of appellate Case No. 2001CA00013 is vacated. Costs assessed to appellant.
Hoffman, J., Edwards, P.J. and Gwin, J. concur