[Cite as *Deutsche Bank Natl. Trust Co. v. Jones*, 2018-Ohio-3286.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY, TRUSTEE | : | |
| | : | |
| | : | Appellate Case No. 27936 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. 2017-CV-1937 |
| v. | : | |
| | : | (Civil Appeal from |
| MARLAINE Y. JONES, et al. | : | Common Pleas Court) |
| | : | |
| Defendant-Appellant | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 17th day of August, 2018.

. . . . . . . . . .

SCOTT A. KING, Atty. Reg. No. 0037582, and TERRY W. POSEY, Atty. Reg. No. 0078292, Austin Landing I, 10050 Innovation Drive, Suite 400, Dayton, Ohio 45342
    Attorneys for Plaintiff-Appellee

WORRELL A. REID, Atty. Reg. No. 0059620, 6718 Loop Road, #2, Dayton, Ohio 45459
    Attorney for Defendant-Appellant

. . . . . . . . . . . . .

DONOVAN, J.

**{¶ 1}** Defendant-appellant Marlaine Y. Jones appeals a judgment of the Montgomery County Court of Common Pleas, Civil Division, granting the motion of plaintiff-appellee Deutsche Bank National Trust Company (hereinafter referred to as "DB") to vacate a prior judgment of foreclosure pursuant to Civ.R. 60(B). Jones filed a timely notice of appeal with this Court on March 13, 2018.

**{¶ 2}** On April 24, 2017, DB filed a complaint in foreclosure against Jones. Jones filed a pro se answer to DB's complaint on May 22, 2017. Thereafter, DB filed a motion for summary judgment on August 21, 2017. On August 22, 2017, the trial court issued an entry ordering that any opposition to DB's motion for summary judgment be submitted on or before September 12, 2017. On September 3, 2017, counsel for Jones filed a motion requesting an extension of time in which to file a response to DB's motion for summary judgment. The trial court granted Jones a 30-day extension in an entry issued on September 11, 2017.

**{¶ 3}** On October 5, 2017, Jones filed a motion requesting a second extension of time. In her motion, Jones argued that she had previously sent a discovery packet to DB in which she specifically requested it produce the original promissory note for the property in question. Thus, Jones requested that the trial court hold the summary judgment proceedings in abeyance until DB produced the original promissory note.

**{¶ 4}** On October 10, 2017, the trial court scheduled a status conference for the case to be held before a magistrate on November 9, 2017. However, on October 26, 2017, the trial court granted DB's motion for summary judgment and issued a Foreclosure Decree without first addressing Jones's motion requesting a second extension of time or

the scheduled status conference to be held before the magistrate.

{¶ 5} One day later on October 27, 2017, Jones filed a notice of appeal with this Court in Montgomery App. No. CA 27788.   In her appellate brief filed on November 13, 2017, Jones argued that she had been denied the opportunity to inspect the original promissory note.   Accordingly, Jones requested that we vacate the Foreclosure Decree and remand the case to the trial court.

{¶ 6} Thereafter, on February 12, 2018, DB filed a motion in this Court requesting that we remand the case to the trial court so that it could vacate the Foreclosure Decree judgment, thereby allowing Jones to inspect the original promissory note and then ostensibly file a memorandum in opposition to DB's motion for summary judgment.   On February 27, 2018, DB filed a motion to vacate the Foreclosure Decree with the trial court.

{¶ 7} On March 5, 2018, we granted DB's motion and remanded the case to the trial court.   On March 12, 2018, the trial court granted DB's motion to vacate the Foreclosure Decree judgment.   Jones filed a timely notice of appeal with this Court on March 13, 2018. (Montgomery App. No. CA 27936).   We note that on April 17, 2018, we dismissed Jones's first appeal in Case No. CA 27788, finding that the appeal was rendered moot because the trial court vacated the Foreclosure Decree judgment.

{¶ 8} Accordingly, the instant appeal in Case No. CA 27936 is now properly before this Court.

{¶ 9} Jones's first assignment of error is as follows:

THE ORDER GRANTING PLAINTIFF'S MOTION TO VACATE WAS CONTRARY TO LAW IN THAT THE MOTION UPON WHICH IT WAS BASED WAS FILED WHEN THE COURT OF APPEAL[S] HAD

EXCLUSIVE JURISDICTION OF THE MATTER, AND THE SAID MOTION WAS A NULLITY AND COULD NOT HAVE BEEN RULED UPON BY THE TRIAL COURT.

{¶ 10} In her first assignment, Jones contends that because her appeal was pending before this Court in Case No. CA 27788, the trial court was without jurisdiction to rule on DB's motion to vacate the Foreclosure Decree judgment.

{¶ 11} The proper procedure in filing a motion for relief from judgment while an appeal is pending is to obtain from the trial court certification that it will consider the motion and then move the court of appeals, for good cause shown, to remand the matter to the trial court for the limited purpose of conducting a hearing on and deciding the motion for relief from judgment. *Majnaric v. Majnaric*, 46 Ohio App. 2d 157, 161, 347 N.E.2d 552 (9th Dist.1975); *see also Best Toy Mfg. Co. v. Good Time Servs., Inc.*, 2d Dist. Montgomery Nos. 8185, 8406, 1984 WL 5421 (Jan. 12, 1984) (trial court erred when it denied appellant's motion for relief from judgment on the basis that it lacked jurisdiction over such motion while an appeal was pending, when appellant filed a motion for certification which requested the trial court to certify that it would consider appellant's motion for relief from judgment).

{¶ 12} As previously stated, on February 12, 2018, DB filed a motion in this Court requesting that we remand the case to the trial court so that it could vacate the Foreclosure Decree judgment. We note that Jones's appeal in Case No. CA 27788 was pending at the time. Thereafter, on February 27, 2018, DB filed a motion to vacate the Foreclosure Decree with the trial court. On March 5, we granted DB's motion and remanded the case to the trial court, thus providing the trial court with jurisdiction to

consider the motion to vacate. After we remanded the case, the trial court granted DB's motion to vacate the Foreclosure Decree judgment on March 12, 2018.

{¶ 13} In the instant case, we note that DB did not obtain a certification from the trial court that it would consider the motion to vacate prior to filing the motion in this Court requesting that we remand the case to the trial court. Aside from that minor procedural deficiency, DB procured a remand from this Court on March 5, 2018, so that the trial court could properly consider its motion to vacate the Foreclosure Decree judgment. Significantly, the trial court did not rule on the motion to vacate until March 12, 2018, at which time it had proper jurisdiction to consider the motion. Accordingly, we find that the trial court had jurisdiction to consider and rule upon DB's motion to vacate the Foreclosure Decree judgment.

{¶ 14} Jones's first assignment of error is overruled.

{¶ 15} Jones's second assignment of error is as follows:

THE ORDER GRANTING PLAINTIFF'S MOTION TO VACATE WAS CONTRARY TO LAW AS THE [PLAINTIFF] FAILED TO SHOW THAT THERE WAS A MERITORIOUS CLAIM OR DEFENSE, MISTAKE, INADVERTENCE, OR EXCUSABLE NEGLECT, AS IS REQUIRED BY CIV.R. 60(B), AND THE TRIAL COURT'S CORRECTION OF ITS PREVIOUS ORDER GRANTING SUMMARY JUDGMENT AS A MATTER OF LAW AND DECREE OF FORECLOSURE, WAS CONTRARY TO THE EXCLUSIVE JURISDICTION OF THE COURT OF APPEALS TO REVIEW FINAL ORDERS.

{¶ 16} In her second and final assignment of error, Jones argues that the trial court

erred when it granted DB's motion to vacate the Foreclosure Decree judgment for the following reasons: 1) the trial court lacked jurisdiction to vacate the judgment; 2) DB could not have moved to vacate the judgment while the appeal in Case No. CA 27788 was pending; and 3) DB could not use Civ.R. 60(B) as a substitute for appeal.

{¶ 17} Civ.R. 60(B) permits trial courts to relieve a party from a final judgment for the following reasons: (1) "mistake, inadvertence, surprise or excusable neglect;" (2) newly discovered evidence; (3) fraud, misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged; or (5) any other reason justifying relief from the judgment. In order to prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B); and (3) the motion is made within a reasonable time and, for reasons under Civ.R. 60(B)(1)-(3), not more than one year after judgment. *GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146, 351 N.E.2d 113 (1976), paragraph two of the syllabus. All of these requirements must be satisfied, and the motion should be denied if any one of the requirements is not met. *Strack v. Pelton*, 70 Ohio St.3d 172, 174, 637 N.E.2d 914 (1994); *Cincinnati Ins. Co. v. Schaub*, 2d Dist. Montgomery No. 22419, 2008–Ohio–4729, ¶ 15.

{¶ 18} We review the trial court's determination of a Civ. R. 60(B) motion for an abuse of discretion. *Griffey v. Rajan*, 33 Ohio St.3d 75, 77, 514 N.E.2d 1122 (1987). An abuse of discretion means that the court's attitude is unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

**{¶ 19}** Initially, we note that, in the analysis of Jones's first assignment, we found that the trial court had jurisdiction to rule on DB's motion to vacate the Foreclosure Decree judgment after we remanded the matter to the trial court. Therefore, to the extent that Jones repeats her argument in that regard here, her assignment is overruled.

**{¶ 20}** Furthermore, it is generally accepted that Civ.R. 60(B) relief is not a substitute for a timely appeal. *Cincinnati Ins. Co. v. Schaub*, 2d Dist. Montgomery No. 22419, 2008-Ohio-4729, ¶ 16; *State ex rel. Martin v. Ohio Adult Parole Auth.*, 124 Ohio St.3d 63, 2009-Ohio-6164, 918 N.E.2d 1005, ¶ 1. However, this proposition of law is not applicable to the instant case because DB *did not* appeal the trial court's original decision granting the Foreclosure Decree judgment. DB had no reason to appeal a ruling in its favor. Rather, DB filed a motion in this Court seeking remand so that the trial court would have jurisdiction to consider a motion to vacate the Foreclosure Decree judgment filed by DB. Therefore, we find that DB did not file its motion to vacate pursuant to Civ.R. 60(B) as a substitute for a timely appeal.

**{¶ 21}** Finally, we note that DB argues that it sought remand to the trial court and filed a motion to vacate the Foreclosure Decree judgment because it had located the original promissory note signed by Jones. DB further argues that it was only through some mistake and/or inadvertence on its part that Jones was not provided the promissory note during the discovery phase of the case. Jones fails to provide us with any evidence that DB's argument does not constitute a proper basis for a Civ.R. 60(B) motion. Upon review, we therefore conclude that the trial court did not abuse its discretion when it granted DB's motion to vacate the Foreclosure Decree judgment pursuant to Civ.R. 60(B).

**{¶ 22}** Jones's second and final assignment of error is overruled.

{¶ 23} Both of Jones's assignments of error having been overruled, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

FROELICH, J. and TUCKER, J., concur.

Copies mailed to:

Scott A. King
Terry W. Posey
Worrell A. Reid
Michele Phipps
Hon. Michael W. Krumholtz